NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2867
_____

UNITED STATES OF AMERICA

v.

MARCAL FRACTION, also known as Monk,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:14-cr-00305-003)
District Judge: Hon. Malachy E. Mannion

_____

Submitted Under Third Circuit LAR 34.1(a)
September 8, 2022

Before: JORDAN, HARDIMAN, and SMITH, *Circuit Judges*.

(Filed: September 12, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Marcal Fraction appeals the District Court's order denying his compassionate release motion. Fraction has not shown "extraordinary and compelling reasons" for compassionate release, so we will affirm.

I

In 2017, Fraction pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. Because he was a career offender, Fraction's advisory Sentencing Guidelines range was 151 to 188 months' imprisonment. The District Court varied downward, imposing a sentence of 120 months. Fraction moved the District Court for compassionate release based on his increased risk of complications from COVID-19, but the District Court denied that motion, and we summarily affirmed. *See United States v. Fraction*, 855 F. App'x 72, 72 (3d Cir. 2021) (per curiam).

Fraction filed a second motion for compassionate release, arguing that if he were sentenced today, he would no longer be considered a career offender and would receive a shorter sentence. The District Court denied that motion too. The sole issue before us is whether Fraction's second motion demonstrated "extraordinary and compelling reasons" to warrant compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[1]

---

[1] We decline Fraction's invitation to reconsider all the issues he raised in his first motion for compassionate release because, by his own admission, he "did not re-raise all of these arguments in his most recent motion." Fraction Br. 10 n.1.

## II[2]

In *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc), we overruled prior precedent and held that inchoate offenses—including conspiracy, *id.* at 469 n.10—"are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines," *id.* at 472. As the Government concedes, if Fraction were sentenced today, he would not be considered a career offender under *Nasir* and would receive a shorter sentence. But he was sentenced before *Nasir*, and he does not argue that his sentence was unlawful at the time it was imposed.

In *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021), we held that "[t]he duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance." We also held that "nonretroactive changes" in statutory sentencing law "cannot be a basis for compassionate release." *Id.* at 261. So *Andrews* precludes Fraction's argument that his lawfully imposed sentence should have been modified based on *Nasir*'s nonretroactive change in the law. *See id.*; *see also Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993) (holding that a new interpretation of federal law applies to "cases still open on direct review"). We will affirm the District Court's order denying Fraction's motion for compassionate release.

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order denying compassionate release for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).